**WO**                                                                                                                    JM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brenda Ambrocio-Lopez, | No. CV 12-0704-PHX-GMS (LOA) |
| Petitioner, | **ORDER** |
| vs. | |
| Katrina Kane, | |
| Respondent. | |

Petitioner Brenda Ambrocio-Lopez (A078-949-213), who is represented by counsel, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and a Motion for Preliminary Injunction (Doc. 3). The Court will require Respondent to answer the Petition and respond to the Motion for Preliminary Injunction.

**I.      Petition for Writ of Habeas Corpus**

Petitioner is a native and citizen of Guatemala. On February 20, 2010, she was taken into custody when she attempted to enter the United States without authorization. Because she had been previously deported, her prior order of removal was reinstated. She expressed a fear of returning to Guatemala and requested a "reasonable fear" interview pursuant to 8 C.F.R. § 1208.31. On October 20, 2010, an asylum officer determined that she had a reasonable fear of returning to Guatemala and referred her to an Immigration Judge (IJ) to apply for withholding of removal and protection under the Convention Against Torture. On November 10, 2010, the IJ denied her request for custody redetermination on the ground that


she was subject to a prior order of removal. On July 11, 2011, the IJ found that she suffered from past persecution, and that the Guatemalan government was unable or unwilling to protect her. But the IJ denied her application on the grounds that she was not a member of a protected social group and had failed to prove that it was more likely than not that she would be tortured if returned to Guatemala. On July 19, 2011, Petitioner appealed the IJ's decision to the Board of Immigration Appeals (BIA). Her appeal is still pending before the BIA.

Petitioner claims that her lengthy detention without bond is not authorized by the Immigration and Nationality Act or Title 8 of the Code of Federal Regulations. She also argues that her continued detention violates her substantive and procedural due process rights under the Fifth Amendment. She seeks a declaration that her current detention is unlawful and an order requiring Respondent to provide her with a custody hearing before neutral decision-maker with the authority to grant her release on bond. The Court will require Respondent to answer the Petition.

## II.     Motion for Preliminary Injunction

Petitioner has also filed a Motion for Preliminary Injunction seeking an order enjoining her further detention without bond while his habeas corpus petition is pending. Petitioner argues that she is likely to succeed on the merits of her Petition and that her immediate release is necessary because she suffers from Post-Traumatic Stress Disorder caused by past abuse by her husband and exacerbated by her lengthy detention. The Court will require Respondent to respond to the Motion.

**IT IS ORDERED:**

(1)     The Clerk of Court must serve a copy of the Summons, Petition (Doc. 1), Memorandum of Points and Authorities (Doc. 2), Motion for Preliminary Injunction (Doc. 3), and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court also must send by certified mail a copy of the Summons, Petition, and this Order to the United States

1  Attorney General pursuant to Rule 4(i)(1)(B) and to Respondent pursuant to Rule 4(i)(2)(A).

2  (2)  Respondent must answer the Petition and respond to the Motion for
3  Preliminary Injunction within 20 days of the date of service. Respondent must not file a
4  dispositive motion in place of an answer without first showing cause as to why an answer is
5  inadequate. Petitioner may file a reply within 20 days from the date of service of the answer.

6  (3)  The Petition for Writ of Habeas Corpus (Doc. 1) is referred to Magistrate Judge
7  Lawrence O. Anderson pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure
8  for further proceedings and a report and recommendation. The Motion for Preliminary
9  Injunction (Doc. 3) is not referred to the Magistrate Judge and it remains pending before this
10 Court.

11  DATED this 6th day of June, 2012.

_____
G. Murray Snow
United States District Judge